1 THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 *A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone: 415/674-8600
4 Facsimile: 415/674-9900
5
Attorneys for Plaintiffs
6 LES JANKEY
and DISABILITY RIGHTS
7 ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
8 HELP OTHERS
9

**ORIGINAL
FILED**

MAR – 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-filing

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12
LES JANKEY, an individual; and
13 DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU)
14 HELP OTHERS, a California public benefit )
corporation,
15
Plaintiffs,
16
v.
17
18 ROCKIT ROOM; MILLER-RAVETTI CO.,)
a California general partnership; MVT
19 ENTERTAINMENT, a California
corporation; URBAN LIFE, INC., a
20 California corporation,
21
Defendants.
22
23
24
25
26
27
28

CASE NO. 09 0924

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1          Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3    corporation (hereinafter sometimes referred to as "DREES"), complain of defendants MILLER-

4    RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California

5    corporation; and URBAN LIFE, INC., a California corporation, dba ROCKIT ROOM and allege

6    as follows:

7    **INTRODUCTION:**

8          1.     This is a civil rights action for discrimination against persons with physical

9    disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,

10   for failure to remove architectural barriers structural in nature at defendants' ROCKIT ROOM, a

11   place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other

12   similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

13   opportunity to participate in, and benefit from, the goods, facilities, services, and

14   accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

15   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

16   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

17         2.     Plaintiff LES JANKEY is a person with physical disabilities who, on or about

18   November 12, 2008, November 22, 2008, November 23, 2008 and February 13, 2009 and

19   February 14, 2009, was an invitee, guest, patron, customer at defendants' ROCKIT ROOM, in

20   the City of San Francisco, California.  At said time and place, defendants failed to provide proper

21   legal access to the bar, which is a "public accommodation" and/or a "public facility" including,

22   but not limited to entrance, bar, men's restroom and women's restroom.  The denial of access

23   was in violation of both federal and California legal requirements, and plaintiff LES JANKEY

24   suffered violation of his civil rights to full and equal access, and was embarrassed and

25   humiliated.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Building Standards Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 406 Clement Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff LES JANKEY is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff LES JANKEY is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES JANKEY requires the use of a wheelchair to travel about in public. Consequently, plaintiff LES JANKEY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff LES JANKEY, will or have been guests and invitees at the subject ROCKIT ROOM, and that the interests of plaintiff DREES in removing architectural barriers at the subject bar advance the purposes of DREES to assure that all public accommodations, including the subject bar, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as the ROCKIT ROOM, located at/near 406 Clement Street, San Francisco,  California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, own and operate in joint venture the subject ROCKIT ROOM as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10.     At all times relevant to this complaint, defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation are jointly and severally responsible to identify and remove architectural barriers at the subject ROCKIT ROOM pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201          General**
>
> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The ROCKIT ROOM, is a bar, located at/near 406 Clement Street, San Francisco, California.  The ROCKIT ROOM, its entrance, bar, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the ROCKIT ROOM and each of its facilities, its entrance, bar, men's restroom, women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     Defendant MILLER-RAVETTI CO., a California general partnership has owned the subject building from on or about July 3, 1962.

13.     At all times stated herein, plaintiff LES JANKEY was a member of DREES.

14.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the ROCKIT ROOM as being handicapped accessible and handicapped usable.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     On or about November 12, 2008, November 22, 2008, November 23, 2008 and February 13, 2009 and February 14, 2009, plaintiff LES JANKEY was an invitee at the subject ROCKIT ROOM, for the purpose of having beverages and a form of entertainment.

16.     On or about November 12, 2008, November 22, 2008, November 23, 2008 and February 13, 2009 and February 14, 2009, plaintiff LES JANKEY while a patron needed to use an accessible or usable restroom.

17.     At all said times and place, plaintiff LES JANKEY attempted to use the men's restroom and found that it was neither accessible or usable.

18.     At all said times and place, when plaintiff LES JANKEY entered the subject bar, he found that there were two (2) double doors, one wider than the other.  The narrow doorway path was non-compliant.  Plaintiff LES JANKEY had to look for a third party to open the wider door.

19.     At said times and place, plaintiff LES JANKEY discovers that there was not the requisite lowered bar area required under the Americans with Disabilities Act (ADA).

20.     Therefore, at said times and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject ROCKIT ROOM which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.     lack of an accessible entrance due to the double door configuration;

    b.     lack of a handicapped-accessible women's public restroom;

    c.     lack of a handicapped-accessible men's public restroom; and

    d.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

21.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

22.     On or about January 23, 2009, defendant(s) were sent two (2) letters by or on behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a

1    response within 14 days and requesting remedial measures be undertaken within 90 days or an
2    explanation of why the time limit set could not be met and/or extenuating circumstances.  Said
3    letters are attached hereto collectively as exhibit "A" and incorporated by reference as though
4    fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in
5    an early and reasonable resolution of the matter.

6         23.    At all times stated herein, defendants, and each of them, did not act as reasonable
7    and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
8    removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from
9    receiving the same goods and services as able bodied people and some of which may and did pose
10   a threat of harm and/or personal injury to people with disabilities.

11        24.    As a legal result of defendants MILLER-RAVETTI CO., a California general
12   partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a
13   California corporation's failure to act as a reasonable and prudent public accommodation in
14   identifying, removing or creating architectural barriers, policies, practices and procedures that
15   denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as
16   alleged herein.

17        25.    As a further legal result of the actions and failure to act of defendants, and as a
18   legal result of the failure to provide proper handicapped-accessible public facilities as set forth
19   herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
20   LES JANKEY suffered a loss of his civil rights and his rights as a person with physical
21   disabilities to full and equal access to public facilities.

22        26.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress,
23   mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
24   embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
25   person with physical disabilities being denied access, all to his damages as prayed hereinafter in
26   an amount within the jurisdiction of this court.

27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1   No claim is being made for mental and emotional distress over and above that usually associated

2   with the discrimination and physical injuries claimed, and no expert testimony regarding this

3   usual mental and emotional distress will be presented at trial in support of the claim for damages.

4       27.   Defendants', and each of their, failure to remove the architectural barriers

5   complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public

6   accommodation, and continues to create continuous and repeated exposure to substantially the

7   same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

8       28.   Plaintiff LES JANKEY and the membership of DREES were denied their rights to

9   equal access to a public facility by defendants MILLER-RAVETTI CO., a California general

10  partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a

11  California corporation, because defendants MILLER-RAVETTI CO., a California general

12  partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a

13  California corporation maintained a bar  without access for persons with physical disabilities to its

14  facilities, including but not limited to the entrance, bar, men's restroom, women's restroom, and

15  other public areas as stated herein, and continue to the date of filing this complaint to deny equal

16  access to plaintiffs and other persons with physical disabilities in these and other ways.

17      29.   On information and belief, construction alterations carried out by defendants have

18  also triggered access requirements under both California law and the Americans with Disabilities

19  Act of 1990.

20      30.   Plaintiffs, as described hereinbelow, seek injunctive relief to require the ROCKIT

21  ROOM to be made accessible to meet the requirements of both California law and the Americans

22  with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the bar

23  as a public facility.

24      31.   Plaintiffs seek damages for violation of their civil rights on November 12, 2008,

25   November 22, 2008, November 23, 2008 and February 13, 2009 and February 14, 2009, and they

26  seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively

27  $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury)

28  determines was the date that some or all remedial work should have been completed under the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  standard that the landlord and tenant had an ongoing duty to identify and remove architectural

2  barriers where it was readily achievable to do so, which deterred plaintiff LES JANKEY  from

3  returning to the subject public accommodation because of his knowledge and/or belief that neither

4  some or all architectural barriers had been removed and that said premises remains inaccessible to

5  persons with disabilities whether a wheelchair user or otherwise.

6      32.    On information and belief, defendants have been negligent in their affirmative duty

7  to identify the architectural barriers complained of herein and negligent in the removal of some or

8  all of said barriers.

9      33.    Because of defendants' violations, plaintiffs and other persons with physical

10  disabilities are unable to use public facilities such as those owned and operated by defendants on a

11  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

12  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

13  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

14  defendants to make the ROCKIT ROOM accessible to persons with disabilities.

15      34.    On information and belief, defendants have intentionally undertaken to modify and

16  alter existing building(s), and have failed to make them comply with accessibility requirements

17  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

18  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit

19  and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

20  out by defendants, and each of them, with a willful and conscious disregard for the rights and

21  safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as

22  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

23  defendants, and each of them, to other operators and landlords of other bars, grills, pool halls and

24  other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code

25  §§ 51, 51.5 and 54.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

35.     Plaintiffs are informed and believe and therefore allege that defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, and each of them, caused the subject building(s) which constitute the ROCKIT ROOM to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the ROCKIT ROOM and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said bar and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of ROCKIT ROOM and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

36.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the ROCKIT ROOM and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff LES JANKEY himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the ROCKIT ROOM accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and

1  willfully refused to take any steps to rectify the situation and to provide full and equal access for

2  plaintiffs and other persons with physical disabilities to the ROCKIT ROOM. Said defendants,

3  and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs

4  and other persons with physical disabilities, up to the date of filing of this complaint, and

5  continuing thereon. Defendants had further actual knowledge of the architectural barriers referred

6  to herein by virtue of the demand letter addressed to the defendants and served concurrently with

7  the summons and complaint. Said conduct, with knowledge of the effect it was and is having on

8  plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious

9  disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the

10  imposition of treble damages per Civil Code §§52 and 54.3.

11        37.    Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the

12  disability community which it serves, consisting of persons with disabilities, would, could and

13  will return to the subject public accommodation when it is made accessible to persons with

14  disabilities.

15  **I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
    ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

16  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**
    (On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,

17  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
    corporation and Against Defendants MILLER-RAVETTI CO., a California general

18  partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE,
    INC., a California corporation, inclusive)

19  (42 U.S.C. §12101, *et seq*.)

20        38.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

21  allegations contained in paragraphs 1 through 37of this complaint.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

40.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

41.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.
>
> 42 U.S.C. §12181(7)(B)

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

42.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

43.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

1  44.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ROCKIT

3  ROOM pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal

4  of all the barriers complained of herein together was not "readily achievable," the removal of each

5  individual barrier complained of herein was "readily achievable."  On information and belief,

6  defendants' failure to remove said barriers was likewise due to discriminatory practices,

7  procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

8  45.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

9  accomplishable and able to be carried out without much difficulty or expense."  The statute

10  defines relative "expense" in part in relation to the total financial resources of the entities

11  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

12  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

13  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

14  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

15  make the required services available through alternative methods which were readily achievable.

16  46.    On information and belief, construction work on, and modifications of, the subject

17  building(s) of the ROCKIT ROOM occurred after the compliance date for the Americans with

18  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

19  the ADA.

20  47.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

21  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

22  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

23  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

24  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

25  returning to or making use of the public facilities complained of herein so long as the premises

26  and defendants' policies bar full and equal use by persons with physical disabilities.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

48. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff LES JANKEY has not returned to defendants' premises since on or about February 14, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

49. Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

50. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 49 of this complaint.

///
///
///
///
///
///

51.   At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

52.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

53.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

54.   Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' ROCKIT ROOM.

///

As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the ROCKIT ROOM because of their knowledge and belief that the bar is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

55.     On or about November 12, 2008, November 22, 2008, November 23, 2008 and February 13, 2009 and February 14, 2009, plaintiff LES JANKEY suffered violations of Civil Code §§54 and 54.1 in that plaintiff LES JANKEY was denied access to entrance, bar, men's restroom, women's restroom and other public facilities as stated herein at the ROCKIT ROOM and on the basis that plaintiff LES JANKEY was a person with physical disabilities.

56.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

57.     Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

58.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about November 12, 2008, November 22, 2008, November 23, 2008 and February 13, 2009 and February 14, 2009, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

59.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///
///
///
///
///
///
///
///
///

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants  MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive)
(Health & Safety Code §19955, *et seq.*)

60.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

61.    Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

62.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the ROCKIT ROOM and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the ROCKIT ROOM and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said bar and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the ROCKIT ROOM and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

64.     Bars such as the ROCKIT ROOM are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

65.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

66.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2          67.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3    them, to make the subject place of public accommodation readily accessible to and usable by

4    persons with disabilities.

5          Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6    **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
          EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
7          AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
          SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
8          (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
          EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
9          corporation, and Against Defendants MILLER-RAVETTI CO., a California general
          partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE,
10         INC., a California corporation, inclusive)
          (Civil Code §51, 51.5)

11

12         68.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

      allegations contained in paragraphs 1 through 67 of this complaint.

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

      COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

69.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

70.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

71.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §38, *et seq*., as if repled herein.

72.     As a legal result of the violation of plaintiff LES JANKEY's  civil rights as hereinabove described, plaintiff LES JANKEY has suffered statutory and general damages.

///
///
///
///
///

73.     Further, plaintiff LES JANKEY emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive, to make the ROCKIT ROOM, located at 406 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive, to make the ROCKIT ROOM, located at 406 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    General damages according to proof;

6.    For all costs of suit;

7.    Prejudgment interest pursuant to Civil Code §3291; and

8.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

1.   For injunctive relief, compelling defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive, to make the ROCKIT ROOM, located at 406 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.   For all costs of suit;

4.   For prejudgment interest pursuant to Civil Code §3291;

5.   Such other and further relief as the court may deem just and proper.

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants MILLER-RAVETTI CO., a California general partnership; MVT ENTERTAINMENT, a California corporation; and URBAN LIFE, INC., a California corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.   All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.   Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.   General damages according to proof;

4.   Treble damages pursuant to Civil Code §52(a);

5.   For all costs of suit;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      6.     Prejudgment interest pursuant to Civil Code §3291; and

2      7.     Such other and further relief as the court may deem just and proper.

3

4 Dated: _____, 2009      THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*

5

6

7                              By: _____
                             THOMAS E. FRANKOVICH
8                              Attorneys for Plaintiffs LES JANKEY and DISABILITY
                             RIGHTS ENFORCEMENT, EDUCATION,
9                              SERVICES:HELPING YOU HELP OTHERS, a California
                             public benefit corporation

10

11                         **DEMAND FOR JURY TRIAL**

12      Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

13 Dated: _____, 2009      THOMAS E. FRANKOVICH,
                                       *A PROFESSIONAL LAW CORPORATION*
14

15

16                              By: _____
                             THOMAS E. FRANKOVICH
17                              Attorneys for Plaintiffs LES JANKEY and DISABILITY
                             RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
18                              HELPING YOU HELP OTHERS, a California public
                             benefit corporation

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

EXHIBIT A

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

January 23, 2009

Manager
Rockit Room
406 Clement St
San Francisco, CA 94118

Dear Manager of the Rockit Room:

Recently, I visited the Rocket Room. As I use a wheelchair, I had problems with trying to use the men's restroom. It's not really useable. What about the women's restroom? Is it bigger? Could it be made accessible? The door to the men's swings in, maybe out in both restroom's would work.

I would really appreciate it if you would give me written assurance within the next two weeks that you will look into this and if workable take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Rockit Room once it's accessible to me. I may still come back before you do the work just because the price is so good. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

This is who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them. What I would do first is check out the women's restroom, if it's workable I would make both restroom's Unisex. It would probably be better for the Bar because women could use two restroom's instead of one. Good idea, right?

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

January 23, 2009

Owner of Building
Rockit Room
406 Clement St
San Francisco, CA 94118

Dear Owner of Building for Rockit Room:

Recently, I visited the Rocket Room. As I use a wheelchair, I had problems with trying to use the men's restroom. It's not really useable. What about the women's restroom? Is it bigger? Could it be made accessible? The door to the men's swings in, maybe out in both restroom's would work.

I would really appreciate it if you would give me written assurance within the next two weeks that you will look into this and if workable take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Rockit Room once it's accessible to me. I may still come back before you do the work just because the price is so good. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

This is who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them. What I would do first is check out the women's restroom, if it's workable I would make both restroom's Unisex. It would probably be better for the Bar because women could use two restroom's instead of one. Good idea, right?

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey